NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flint Farms LLC, | No. CV-20-00091-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide Agribusiness Insurance Company, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Extension of Time to file Expert Disclosures. (Doc. 32). Defendant filed a Response in opposition to the Motion. (Doc. 34).

The Court's Scheduling Order required Plaintiff to provide its full and complete expert disclosure by June 26, 2020. (Doc. 13). Shortly before that deadline, Plaintiff contacted Defendant regarding a 30-day extension to the deadline, which Defendant was not opposed to. The parties thereafter filed a Stipulation providing that Plaintiff would have until July 27, 2020 to provide its full and complete expert disclosure and the Court granted that Stipulation. (Doc. 28). Plaintiff did not disclose any experts by that date. Defendant disclosed its experts by the August 24, 2020 deadline. (Doc. 30). Although Plaintiff argues it has been "diligently prosecuting this matter," Counsel for Plaintiff apparently realized that the extended expert deadline was "inadvertently mis-calendared," and thus did not disclose any experts to Defendant. (Doc. 32). Counsel states that he realized the mistake on August 7, 2020. The present Motion was filed over two weeks

later on August 24, 2020.  (Doc. 32-1 at 2).

As a Scheduling Order has been entered, the more stringent Rule 16 applies for modification of the Order.  In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992) (citing Fed.R.Civ.P. 16(b)).  "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*.  "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied sub nom. C.F. v. Corbett*, 565 U.S. 1200 (2012).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (*quoting Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted by*, 2012 WL 218959, at * 1 (E.D. Cal. Jan. 23, 2012)).  Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that []he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that []he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (alternations in original and other citations omitted)).

The Court does not find good cause or excusable neglect to grant this second

extension. The Court first considers that Plaintiff requested an initial 30-day extension from Defendant, that Plaintiff proposed the date by which it would provide expert disclosures, and that Defendant stipulated to the extension and to the date proposed by Plaintiff in good faith. The Court approved the Stipulation, which was already a deviation from the date that the parties had previously selected for Plaintiff's expert disclosures. Moreover, the Court notes that after missing the second deadline for disclosing its experts, Plaintiff received Defendant's full and complete expert disclosure and are only now making the request for another extension, long after the passing of the deadline.

The Court also has taken into consideration Counsel's Declaration, which states "On August 7, 2020 a staff member brought to my attention that Flint Farms' expert disclosure deadline was actually July 27, 2020 and this staff member took responsibility for mis-calendaring the deadline and for communicating the wrong disclosure deadline to the retained experts . . . The staff member involved in the calendaring error is no longer employed with Merlin Law Group."[1] (Doc. 32-2 at 2). Yet, Plaintiff did not inform the Court of the supposed mis-calendaring or request a retroactive extension until much later, on August 24, 2020, and after Defendant filed its disclosures. Therefore, even after discovering the error, Plaintiff was not diligent in seeking a second extension. Plaintiff has not established good cause to retroactively extend the expert disclosure deadline a second time. Therefore, Plaintiff's Motion is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to file Expert Disclosures (Doc. 32) is **denied**.

Dated this 9th day of September, 2020.

Honorable Diane J. Humetewa
United States District Judge

---

[1] It is not the responsibility of unnamed "staff members" to meet Court-Ordered deadlines in cases. To the contrary, it is the responsibility of the parties and the attorneys who represent them to meet all deadlines in the case and abide by the Court's Orders.